# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>Jimmy Leeartis Martin,<br><br>              Defendant. | Case No. 20-cr-25 (JRT/ECW)<br><br><br>**ORDER** |

This case is before the Court on Defendant Jimmy Leeartis Martin's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26 (Dkt. 36); Defendant Jimmy Leeartis Martin's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews (Dkt. 37); and Defendant Jimmy Leeartis Martin's Motion for an Order to Preserve All Handwritten Digital Notes of Interviews, Debriefings, or Surveillances (Dkt. 38).[1]

The Court held a hearing on the motions on November 16, 2020 by Zoom for Government. Jeffrey S. Paulsen, Assistant U.S. Attorney, appeared on behalf of the United States of America ("the Government") and Daniel L. Gerdts appeared on behalf of Defendant Jimmy Leeartis Martin, who consented to holding the hearing and was present at the hearing by Zoom for Government.

---

[1] At the hearing, Defendant clarified that Docket No. 41, a letter "Demand for Discovery and Other Disclosures" to the Government, is not a motion. The Court therefore does not address the demands in that letter.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Jimmy Leeartis Martin's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26 (Dkt. 36) seeks the immediate disclosure and production of all materials subject to disclosure pursuant to Federal Rules of Criminal Procedure 12(b)(3)(E), 12(h), 16, and 26.2.[2] (Dkt. 36 at 1.) The Government represents that it will provide any discovery required by Rule 16 as well as any exculpatory or impeaching information to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and related cases. (Dkt. 43 at 1.) The motion is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

   a. The motion is **GRANTED** insofar as the Government shall comply with its discovery obligations under Rule 16 and insofar as within 10 days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon

---

[2] Rule 12(b)(3)(E) requires a motion seeking "discovery under Rule 16" to be made before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits," while Rule 12(h) provides that "Rule 26.2 applies at a suppression hearing under Rule 12(b)(3)(C)." Fed. R. Crim. P. 12(b)(3)(E), 12(h). Federal Rule of Criminal Procedure 26.2 states: "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2. Rule 26.2 procedurally embodies the Jencks Act, codified at 18 U.S.C. § 3500. *See United States v. Lewis*, No. CR 04-403 (JNE/SRN), 2006 WL 8439442, at *4 (D. Minn. Mar. 24, 2006).

receipt of any additional *Brady*/*Giglio* information not previously disclosed.

b. No later than two (2) weeks before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

c. The motion is denied insofar as it seeks immediate production of Jencks Act material. The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material early, and it has represented that it agrees to provide any such material not later than three business days before trial. (Dkt. 43 at 1.)

      d. The motion is **DENIED WITHOUT PREJUDICE** insofar as it seeks "disclosure of a recorded telephone call in which Defendant was a participant." (Dkt. 36.) Based on the record, it appears that disclosure of this call would constitute disclosure of a confidential informant's identity, and the Court is denying Defendant Jimmy Leeartis Martin's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews (Dkt. 37) for the reasons set forth in Paragraph 2. To the extent Defendant wishes to address this issue in the context of his Motion to Suppress Electronic Surveillance Evidence (Dkt. 39), he may do so in connection with his supplemental briefing.

2. Defendant Jimmy Leeartis Martin's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews (Dkt. 37) is **DENIED WITHOUT PREJUDICE**. Defendant stated that "[t]he discovery disclosed to date reveals that the Government employed at least one informant, and probably at least two (because they are not identified it is impossible to say) in their investigation of the case, that at least one of these individuals has direct, personal knowledge of the alleged crime at issue" (Dkt. 37), and at the hearing argued that the informant at issue is a witness who can provide information on whether Defendant was on escape or not.

    The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). When deciding whether to disclose information about an informant, the court must balance "the public

4

interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62.  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.  The essential consideration when deciding whether evidence is relevant and helpful to the defense is "whether or not the evidence is material to the accused's defense or a fair determination of the cause."  *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense."  *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted).  This is in contrast to "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required."  *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *see also United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense.") (quotation marks and citations omitted).  "The defendant has the burden of showing materiality, which 'requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the

5

informant.'"  *Carpenter*, 257 F.3d at 779 (quoting *United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984)).

The Government has represented that any informant used in the investigation is a "mere tipster whose identity is privileged." (Dkt. 43 at 2.) The Government asserted in opposition to Defendant's suppression motion that a known informant of proven reliability implicated Defendant in a kidnapping, murder, and attempted murder that took place on December 31, 2019 and that the informant provided investigators the numbers for cellular phones that Defendant was using. (*Id.* at 3.) The Court understands from the hearing that an informant is alleged to have made a call to Defendant's cell phone after the alleged failure to surrender and that the call was relied on by law enforcement when obtaining a tracking warrant for the cell phone. The Government further argued that there are safety considerations in this case in view of the alleged murder and that Defendant has not shown that the informant's testimony is necessary to the defense.

Here, Defendant has not shown that any informant is a material witness to the defense. Defendant has been indicted on a single count of Escape from Federal Custody, specifically failing to surrender to the Volunteers of America Residential Reentry Center, in Minneapolis, Minnesota on or about December 5, 2019. (Dkt. 9.) Defendant has not shown why any informant at issue is a material witness to his defense when, based on the record, any informant involvement occurred weeks after the alleged December 5, 2019 failure to surrender that forms the basis for the escape charge. Accordingly, Defendant has not met his burden of demonstrating the need for disclosure of any confidential informant and his motion is denied.

3. Defendant Jimmy Leeartis Martin's Motion for an Order to Preserve All Handwritten and Digital Notes of Interviews, Debriefings, or Surveillances (Dkt. 38) is **GRANTED**. The Government has represented in its written submissions that it does not object to this motion, to the extent such information still exists. (Dkt. 43 at 2.)

DATED: November 16, 2020 	*s/Elizabeth Cowan Wright*
	ELIZABETH COWAN WRIGHT
	United States Magistrate Judge